IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2006 JUN 26  PM 3:44
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | |
|---|---|
| WIRELESS AGENTS, L.L.C., § § *Plaintiff*, § § v. § § AMOI ELECTRONICS, INC., § AMP'D MOBILE, INC., § BENQ AMERICA CORP., § HELIO, LLC, § HTC CORP., § INNOSTREAM INC., § KYOCERA WIRELESS CORP., § LG ELECTRONICS MOBILECOMM § U.S.A., INC, § MITSUBISHI ELECTRIC § CORPORATION, § MITSUBISHI ELECTRIC & § ELECTRONICS USA INC., § MOTOROLA, INC., § NOKIA, INC., § OQO, INC., § PANASONIC CORPORATION OF § NORTH AMERICA, § SAMSUNG TELECOMMUNICATIONS § AMERICA, LLP, § SANYO NORTH AMERICA CORP., § SHARP CORPORATION, § SONY ELECTRONICS INC., AND § VK MOBILE USA, INC., § § *Defendants*. § § § | JURY DEMANDED A06CA492 SS |

---

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND**

---

Plaintiff Wireless Agents, L.L.C. brings this action for patent infringement against Defendants Amoi Electronics, Inc. ("Amoi"), Amp'd Mobile, Inc. ("Amp'd"), BenQ America

Corp. ("BenQ"), Helio, LLC ("Helio"), HTC Corp. ("HTC"), Innostream Inc. ("Innostream"), Kyocera Wireless Corp. ("Kyocera"), LG Electronics MobileComm U.S.A., Inc. ("LG"), Mitsubishi Electric Corporation ("Mitsubishi Corp."), Mitsubishi Electric & Electronics USA Inc. ("Mitsubishi Inc."), Motorola, Inc. ("Motorola"), Nokia, Inc. ("Nokia"), OQO, Inc. ("OQO"), Panasonic Corporation of North America ("Panasonic"), Samsung Telecommunications America, LP ("Samsung"), Sanyo North America Corp. ("Sanyo"), Sharp Corporation, a.k.a. Sharp Kabushiki Kaisha ("Sharp"), Sony Electronics, Inc. ("Sony"), VK Mobile USA, Inc. ("VK"), (collectively "Defendants") and alleges as follows:

### I. THE PARTIES

1. Wireless Agents, L.L.C. is a limited liability company of the State of Texas.

2. Upon information and belief, Amoi is a California corporation having a principal place of business at 17777 Center Court Drive North, Suite 260, Cerritos, California 90703. Upon information and belief, Amoi is a nonresident of Texas who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state. This proceeding arises, in part, out of business done in this state. Accordingly, pursuant to TEX. CIV. PRAC. & REM. CODE §§ 17.044 and 17.045, the Secretary of State is an agent for service of process upon Amoi that may be served with process by serving Geoffrey S. Connor, Secretary of State of Texas, State Capitol Room 1E.8, Austin, Texas 78701, who shall then immediately mail a copy of the process by registered mail or by certified mail, return receipt requested, to Amoi's home office at 17777 Center Court Drive North, Suite 260, Cerritos, California 90703.

3. Upon information and belief, Amp'd is a Delaware corporation having a principal place of business at 65 Enterprise, Ste. 485, Aliso Viejo, California 92656. Upon information

and belief, Amp'd is a nonresident of Texas who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state. This proceeding arises, in part, out of business done in this state. Accordingly, pursuant to TEX. CIV. PRAC. & REM. CODE §§ 17.044 and 17.045, the Secretary of State is an agent for service of process upon Amp'd that may be served with process by serving Geoffrey S. Connor, Secretary of State of Texas, State Capitol Room 1E.8, Austin, Texas 78701, who shall then immediately mail a copy of the process by registered mail or by certified mail, return receipt requested, to Amp'd's home office at 65 Enterprise, Ste. 485, Aliso Viejo, California 92656.

4.      Upon information and belief, BenQ is a California corporation having a principal place of business at 53 Discovery, Irvine, California 92618. BenQ is authorized to do business in the State of Texas and may be served with process by serving its registered agent, CT Corporation System, at 350 N. St. Paul Street, Dallas, Texas 75201.

5.      Upon information and belief, Helio is a Delaware corporation (doing business as Delaware Helio, LLC and formerly known as SK-Earthlink Management Corp.) having a principal place of business at 10960 Wilshire Blvd. Ste. 700, Los Angeles, CA 90024. Helio is authorized to do business in the State of Texas and may be served with process by serving its registered agent, CT Corporation System, 350 North St. Paul St., Dallas, Texas 75201.

6.      Upon information and belief, HTC is a Taiwanese corporation having its principal place of business at No. 23, Hsin Hua Road, Taoyuan, 330, Taiwan. Upon information and belief, HTC is a nonresident of Texas who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state. Because Taiwan is not a signatory to the Hague Convention, service upon HTC requires service in accordance with FED. R. CIV. P. 4(f)(2).

7.  Upon information and belief, Innostream is a Korean corporation having its principal place of business at 6th Floor, Daewoo Telecom Building, 265-3, Seohyeon-dong Bundang-gu, Seongnam-si Gyeonggi-do 463-769, Korea.  Upon information and belief, Innostream is a nonresident of Texas who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state. Innostream may be served with process in Korea pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.

8.  Upon information and belief, Kyocera is a Delaware corporation having a principal place of business at 10300 Campus Point Drive, San Diego, California 92121.  Kyocera is authorized to do business in the State of Texas and may be served with process by serving its registered agent, Corporation Services Co. d/b/a Lawyers Incorporating Service Co., at 701 Brazos, Suite 1050, Austin, Texas 78701.

9.  Upon information and belief, LG is a California corporation having a principal place of business at 10225 Willow Creek Road, San Diego, California 92131.  Upon information and belief, LG is a nonresident of Texas who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state.  This proceeding arises, in part, out of business done in this state.  Accordingly, pursuant to TEX. CIV. PRAC. & REM. CODE §§ 17.044 and 17.045, the Secretary of State is an agent for service of process upon LG that may be served with process by serving Geoffrey S. Connor, Secretary of State of Texas, State Capitol Room 1E.8, Austin, Texas 78701, who shall then immediately mail a copy of the process by registered mail or by certified mail, return receipt requested, to LG's home office at 10225 Willow Creek Road, San Diego, California, 92131.

10. Upon information and belief, Mitsubishi Corp. is a Japanese corporation having its principal place of business at Mitsubishi Denki Bldg., 2-3, Marunouchi 2-chome, Chiyoda-ku, Tokyo, 100-8310, Japan. Upon information and belief, Mitsubishi Corp. is a nonresident of Texas who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state. Mitsubishi Corp. may be served with process in Japan pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.

11. Upon information and belief, Mitsubishi, Inc. is a Delaware corporation having a principal place of business at 5665 Plaza Drive, Cypress, California 90630. Mitsubishi, Inc. is authorized to do business in the State of Texas and may be served with process by serving its registered agent, CT Corporation System at 350 N. St. Paul Street, Dallas, Texas 75201.

12. Upon information and belief, Motorola is a Delaware corporation having a principal place of business at 1303 E. Algonquin Road, Schaumburg, Illinois 60196. Motorola is authorized to do business in the State of Texas and may be served with process by serving its registered agent, CT Corporation System at 350 N. St. Paul Street, Dallas, Texas 75201.

13. Upon information and belief, Nokia (f/k/a Nokia Mobile Phones Americas Inc., f/k/a Nokia Mobile Phones, Inc., and f/k/a Nokia Mobile Phones Manufacturing USA Inc.) is a Delaware corporation having a principal place of business at 6000 Connection Drive, Irving, Texas 75039. Nokia is authorized to do business in the State of Texas and may be served with process by serving its registered agent, National Registered Agents, Inc. at 1614 Sidney Baker Street, Kerrville, Texas 78028.

14. Upon information and belief, OQO is a Deleware corporation having a principal place of business at 583 Shotwell Street, San Francisco, CA 94110. Upon information and

belief, OQO is a nonresident of Texas who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state. This proceeding arises, in part, out of business done in this state. Accordingly, pursuant to TEX. CIV. PRAC. & REM. CODE §§ 17.044 and 17.045, the Secretary of State is an agent for service of process upon OQO that may be served with process by serving Geoffrey S. Connor, Secretary of State of Texas, State Capitol Room 1E.8, Austin, Texas 78701, who shall then immediately mail a copy of the process by registered mail or by certified mail, return receipt requested, to OQO's home office at 583 Shotwell Street, San Francisco, CA 94110.

15.  Upon information and belief, Panasonic is a Delaware corporation having a principal place of business at One Panasonic Way, Secaucus, New Jersey 07094. Panasonic is authorized to do business in the State of Texas and may be served with process by serving its registered agent, CT Corporation System at 350 N. St. Paul Street, Dallas, Texas 75201.

16.  Upon information and belief, Samsung is a limited liability company having a principal place of business at 1130 E. Arapaho Road, Richardson, Texas 75081. Samsung may be served with process at its principal place of business at 1130 E. Arapaho Road, Richardson, Texas 75081.

17.  Upon information and belief, Sanyo is a Delaware corporation having a principal place of business at 2055 Sanyo Avenue, San Diego, California 92154. Sanyo is authorized to do business in the State of Texas and may be served with process by serving its registered agent, Prentice Hall Corp System, at 701 Brazos Street, Suite 1050, Austin, Texas 78701.

18.  Upon information and belief, Sharp, is a corporation existing under the laws of Japan with a principal place of business at 22-22 Nagaike-cho, Abeno-ku, Osaka 545-8522, Japan. Upon information and belief, Sharp is a nonresident of Texas who engages in business in

this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state. Sharp may be served with process in Japan, pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.

19.     Upon information and belief, Sony is a Delaware corporation having a principal place of business at 555 Madison Avenue, 8th Floor, New York, New York 10022. Sony is authorized to do business in the State of Texas and may be served with process by serving its registered agent, Corporation Services Co. d/b/a Lawyers Incorporating Service Co., at 701 Brazos, Suite 1050, Austin, Texas 78701.

20.     Upon information and belief, VK is a California corporation having a principal place of business at 9 Executive Circle, Suite 215, Irvine, California 92614. Upon information and belief, VK is a nonresident of Texas who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state. This proceeding arises, in part, out of business done in this state. Accordingly, pursuant to TEX. CIV. PRAC. & REM. CODE §§ 17.044 and 17.045, the Secretary of State is an agent for service of process upon VK that may be served with process by serving Geoffrey S. Connor, Secretary of State of Texas, State Capitol Room 1E.8, Austin, Texas 78701, who shall then immediately mail a copy of the process by registered mail or by certified mail, return receipt requested, to VK's home office at 9 Executive Circle, Suite 215, Irvine, California 92614.

## II.    JURISDICTION AND VENUE

21.     This action arises under the patent laws of the United States, Title 35 of the United States Code. The Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271 *et seq.* and 28 U.S.C. §§ 1331 and 1338(a).

22.  Personal jurisdiction exists generally over the Defendants because they have sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and within the Western District of Texas.  Personal jurisdiction also exists specifically over the Defendants because of their conduct in making, using, selling, offering to sell, and/or importing infringing products within the State of Texas and within the Western District of Texas.

23.  Venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c), and (d), as well as 28 U.S.C. § 1400(b).

### III.  PATENT INFRINGEMENT

24.  Plaintiff repeats and realleges the allegations in paragraphs 1-25 as though fully set forth herein.

25.  Plaintiff, Wireless Agents, L.L.C. is the patentee and owner of all rights, title, and interest in and under United States Patent No. 7,016,182 ("the '182 Patent"), which duly and legally issued on March 21, 2006.

26.  The '182 Patent is for an invention titled "Physical Configuration of a Handheld Electronic Communications Device."  A true and correct copy of the '182 Patent is attached hereto as Exhibit A.

27.  The '182 Patent is valid and enforceable.

28.  Upon information and belief, Amoi has been and is infringing the '182 Patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the '182 Patent, including but not limited to the product known as "S6."

29.  Upon information and belief, Amp'd has been and is infringing the '182 Patent by making, using, selling, offering for sale, and/or importing in or into the United States, without

authority, products that fall within the scope of the claims of the '182 Patent, including but not limited to the products known as "Jet," and "Angel."

30. Upon information and belief, BenQ has been and is infringing the '182 Patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the '182 Patent, including but not limited to the products known as "SL55," "SL65," "SL65-Escada," "SL75," "CF110," and "AL21."

31. Upon information and belief, Helio has been and is infringing the '182 Patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the '182 Patent, including but not limited to the product known as "Hero."

32. Upon information and belief, HTC has been and is infringing the '182 Patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the '182 Patent, including but not limited to the products known as "Verizon XV6700," "Qwest Pocket PC 6700Q," "Sprint PPC-6700," "Telus UTStarcom 6700," "Alltel/UTStarcom PPC6700," and "Cingular 8100/8125."

33. Upon information and belief, Innostream has been and is infringing the '182 Patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the '182 Patent, including but not limited to the product known as "Inno 55."

34. Upon information and belief, Kyocera has been and is infringing the '182 Patent by making, using, selling, offering for sale, and/or importing in or into the United States, without

authority, products that fall within the scope of the claims of the '182 Patent, including but not limited to the products known as "KX5," "KX5B," "KX18," "SE44," and "SE47."

35. Upon information and belief, LG has been and is infringing the '182 Patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the '182 Patent, including but not limited to the products known as "CU320," "F7200," "F9100," "F9200," "KG800," "A7110," and "MM35."

36. Upon information and belief, Mitsubishi Corp. and Mitsubishi Inc. have been and are infringing the '182 Patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the '182 Patent, including but not limited to the product known as "M760."

37. Upon information and belief, Motorola has been and is infringing the '182 Patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the '182 Patent, including but not limited to the product known as "A732."

38. Upon information and belief, Nokia has been and is infringing the '182 Patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the '182 Patent, including but not limited to the products known as "6111," "6270," "7650," "6305i," "6280," "N80," and "6282."

39. Upon information and belief, OQO has been and is infringing the '182 Patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the '182 Patent, including but not limited to the products known as "Model 01," and "Model 01+."

40. Upon information and belief, Panasonic has been and is infringing the '182 Patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the '182 Patent, including but not limited to the product known as "EB-x500."

41. Upon information and belief, Samsung has been and is infringing the '182 Patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the '182 Patent, including but not limited to the products known as "SCH-i730," "SGH-d410," "SGH-d415," "SGH-e635," "SGH-d500," "SGH-d510," "SGH-d520," "SGH-d510," "SGH-d720," SGH-e350," "SGH-e630," "SGH-e800," "SGH-d807," "SGH-e810," "SGH-e820," "SGH-e880," "SGH-E900," "SGH-d600," "SGH-d800," "SGH-d820," and "SGH-p777," "SGH-t809," "SGH-X810," and "SGH-Z400."

42. Upon information and belief, Sanyo has been and is infringing the '182 Patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the '182 Patent, including but not limited to the product known as "S103."

43. Upon information and belief, Sharp has been and is infringing the '182 Patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the '182 Patent, including but not limited to the product known as "TM100."

44. Upon information and belief, Sony has been and is infringing the '182 Patent by making, using, selling, offering for sale, and/or importing in or into the United States, without

authority, products that fall within the scope of the claims of the '182 Patent, including but not limited to the product known as "VGN-UX180P."

45. Upon information and belief, VK has been and is infringing the '182 Patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the '182 Patent, including but not limited to the products known as "VK900," "VK4100," and "VK4000."

46. By making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the '182 Patent, Defendants have also induced infringement of the '182 Patent under 35 U.S.C. § 271(b), and have contributed to the infringement of the '182 Patent under 35 U.S.C. § 271(c). The infringing products have no substantial non-infringing uses.

47. As a direct and proximate result of Defendants' acts of patent infringement, Plaintiff has been and continues to be injured and has sustained and will continue to sustain substantial damages in an amount not presently known.

48. Plaintiff has no adequate remedy at law against these acts of patent infringement. Unless Defendants are preliminarily and permanently enjoined from their infringement of the '182 Patent, Plaintiff will suffer irreparable harm.

## IV. PRAYER FOR RELIEF

Plaintiff, Wireless Agents, L.L.C., respectfully requests that judgment be entered in its favor and against Defendants and that the Court grant the following relief to Plaintiff:

A. Declare that the '182 Patent is valid and enforceable:

B. Declare that Defendants have infringed the '182 Patent;

C. Award damages to Plaintiff to which it is entitled for patent infringement;

D.     Enter a preliminary and thereafter a permanent injunction against Defendants' direct infringement of the '182 Patent;

E.     Enter a preliminary and thereafter a permanent injunction against Defendants' active inducements of infringement and/or contributory infringements of the '182 Patent by others;

F.     Award interest on Plaintiff's damages; and

G.     Such other relief as the Court deems just and proper.

## V.   JURY DEMAND

In accordance with FED. R. CIV. P. 38 and 39, Plaintiff asserts its rights under the Seventh Amendment of the United States Constitution and demands a trial by jury on all issues so triable.

Dated:    June 26, 2006                       Respectfully submitted,

*/s/ Gerald B. Hrycyszyn*

MICHAEL W. SHORE
State Bar No. 18294915
ALFONSO GARCIA CHAN
State Bar No. 24012408
JEFFREY R. BRAGALONE
State Bar No. 2855775
GERALD B. HRYCYSZYN
State Bar No. 24043734
MARTIN PASCUAL
State Bar No. 24041657
SHORE CHAN BRAGALONE L.L.P.
REPUBLIC CENTER
325 N. St. Paul Street, Suite 4450
Dallas, Texas 75201
tel. 214.593.9110
fax 214.593.9111

ATTORNEYS FOR PLAINTIFF
WIRELESS AGENTS L.L.C.

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Wireless Agents, L.L.C.

**DEFENDANTS**
Amoi Electronics, Inc., et al.

(b) County of Residence of First Listed Plaintiff  Tarrant County, TX
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Los Angeles County, CA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Michael Shore, Shore Chan, Dallas, Texas (see attachment)

Attorneys (If Known)

RECEIVED JUN 2 6 2006 CLERK, U.S. DISTRICT COURT WESTERN DISTRICT OF TEXAS BY DEPUTY CLERK

A06CA492 SS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☒ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
35 U.S.C. section 271
Brief description of cause:
patent infringement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE                          DOCKET NUMBER

DATE: June 26, 2006
SIGNATURE OF ATTORNEY OF RECORD: Gerald B. Hrycyszyn

**FOR OFFICE USE ONLY**
RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

**ATTORNEYS FOR PLAINTIFF
WIRELESS AGENTS L.L.C.**

MICHAEL W. SHORE
STATE BAR NO. 18294915
ALFONSO GARCIA CHAN
STATE BAR NO. 24012408
JEFFREY R. BRAGALONE
STATE BAR NO. 2855775
GERALD B. HRYCYSZYN
STATE BAR NO. 24043734
MARTIN PASCUAL
STATE BAR NO. 24041657
SHORE CHAN BRAGALONE L.L.P.
REPUBLIC CENTER
325 N. ST. PAUL STREET, SUITE 4450
DALLAS, TEXAS 75201
TEL. 214.593.9110
FAX 214.593.9111

| | ORIGINAL | 386212 |
|---|---|---|

AO82
(Rev. 4/90)

**RECEIPT FOR PAYMENT**
**UNITED STATES DISTRICT COURT**
**for the**
**WESTERN DISTRICT OF TEXAS** at Austin

RECEIVED FROM Reeves + Brightwell, LLP
221 W. 6th St. Ste. 1000
Austin, TX 78701-3410

| Fund | | ACCOUNT | AMOUNT |
|---|---|---|---|
| 6855XX | Deposit Funds | 086900 | 60.00 |
| 604700 | Registry Funds | 510000 | 190.00 |
| | General and Special Funds | 086400 | 100.00 |
| 508800 | Immigration Fees | | |
| 085000 | Attorney Admission Fees | | |
| 086900 | Filing Fees | TOTAL | 350.00 |
| 322340 | Sale of Publications | | |
| 322350 | Copy Fees | Case Number or Other Reference |
| 322360 | Miscellaneous Fees | 1:06-cv-492 |
| 143500 | Interest | | |
| 322380 | Recoveries of Court Costs | new case |
| 322386 | Restitution to U.S. Government | |
| 121000 | Conscience Fund | Wireless Agents LLC |
| 129900 | Gifts | v. Amoi Electronics |
| 504100 | Crime Victims Fund | |
| 613300 | Unclaimed Monies | |
| 510000 | Civil Filing Fee (½) | |
| 510100 | Registry Fee | |

$ Checks and drafts are accepted subject to collection and full credit will only be given when the check or draft has been accepted by the financial institution on which it was drawn. # 1016

DATE 6/26/06   Cash | Check X | M.O. | Credit   DEPUTY CLERK Arevalo